**Gregory Ray PENNINGTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 43S00–8701–CR–63.

Supreme Court of Indiana.

May 24, 1988.

Susan K. Carpenter, Public Defender, Richard Ranucci, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for Rape and Criminal Deviate Conduct. He received two concurrent thirty (30) year terms of imprisonment. Although appellant was sentenced on December 4, 1985, no further action was taken until October 17, 1986 when appellant filed his belated motion to correct error by permission of the court. Upon denial of that motion, this appeal was commenced.

The facts are: On October 3, 1984, Alvin Prater and Gregory Ray Pennington, appellant herein, ate dinner with the victim and her husband at their trailer. The three men then left the victim alone at the trailer. A short time later appellant returned to the trailer alone. The victim had just retired for the evening when appellant knocked at the door. She put a housecoat on over her gown and answered the door. She allowed appellant to enter because he told her that her husband and Prater were following him.

Once in the trailer appellant ordered the victim to disrobe and threatened to kill her if she refused or if she told anyone about the incident. When she first refused to disrobe, he became quite angry and repeated that he would kill her if she did not. Appellant displayed no weapon nor did he ever strike the victim in any way. He did however force her down upon the bed and continued to threaten to kill her if she did not cooperate. He placed his arms across her upper chest in such a fashion that she could not breath. Appellant forced the victim to perform fellatio upon him and also raped her.

The original charge filed by the State carried the heading of "Rape, Class B felony," and "Criminal Deviate Conduct, Class B felony." However, in the body of each count there was an allegation that appellant threatened to kill the victim. On the day originally set for trial, July 23, 1985, the State moved to amend each charge to substitute the words "Class A felonies" for the words "Class B felonies" and to insert the words "threatening the use of deadly force, to-wit:" before the words "threats to kill her." After argument by the parties, the court allowed the amendment and continued the trial until November 4, 1985 in order to allow appellant to prepare to meet the amended charge.

Appellant claims the evidence is insufficient to convict him of rape and criminal deviate conduct by threat of deadly force. Appellant bases his contention on the fact that no weapon was used and that he did not strike or seriously injure the victim. He claims the only force exerted by him was that force necessary to commit the rape and the deviate conduct. The victim testified that appellant, both before and during the deviate conduct and the rape, threatened to kill her. The fact that he impaired her breathing by exerting pressure on her chest frightened the victim.

The jury had the opportunity to observe both the appellant and the victim and to view pictures of the inside of the trailer where the attack occurred. It was the prerogative of the jury to weigh this evidence and to determine whether or not the crime was committed by the threat of deadly force. This Court has held that the threat to kill the victim and the attack upon her person was sufficient to sustain the finding that a threat had been made to use deadly force. *Smith v. State* (1983), Ind., 455 N.E.2d 606.

It is not necessary under the statute, Ind.Code § 35–42–4–1, to actually exert the deadly force threatened. It is suffi-

cient if the threat of deadly force is imminent enough to cause the victim to submit to the aggressor. There is ample evidence in this record that appellant did in fact repeatedly threaten to kill the victim and that he had the present ability to carry out that threat. There is ample evidence in this record to support the finding of guilty as charged.

Appellant claims the trial court erred in allowing the State to amend the charges to raise them from Class B felonies to Class A felonies. At the outset, we observed that the so-called amendment was more in form than it was in substance. Although the original charges had carried the caption of Class B felonies, the body of the charge included the words "threats to kill her." By allowing the amendment the caption was made to conform with the actual charge made. The State did add the words "threatening the use of deadly force" in the body of each charge, but such language merely lent specificity to the already existing language of "threats to kill her."

■ Appellant takes the position that the amendment was a change in substance in the charge and that it was made later than thirty (30) days prior to the omnibus date set in the cause as required by Ind.Code § 35–34–1–5(b). However, we see no actual change in substance in the charge in this amendment. From the outset, appellant knew he was charged with perpetrating the crimes of rape and deviate conduct while threatening to kill the victim. This fact was not changed by the amendment. We thus hold that the amendment comes under Ind.Code § 35–34–1–5(a)(9) which states, in substance that an indictment or information may be amended on motion by the prosecutor "at any time because of any immaterial defect, including: ... (9) any other defect which does not prejudice the substantial rights of the defendant." We hold the substantial rights of appellant were not prejudiced by this amendment; therefore, section (b) of the statute requiring that the amendment be made thirty (30) days before the omnibus date does not apply.

. We see no error in granting the State's motion to amend. We further point out that the trial court did allow appellant a four month continuance because of the amendment. This was more than ample time to meet any possible minor changes in defense strategy which might result from the amended charge.

■ Appellant claims the trial court erroneously refused to instruct the jury on the lesser included offenses of rape and criminal deviate conduct without the threat of deadly force. The trial judge refused this instruction with the statement that "the only evidence is that there was the threat of deadly force." First, we observe that appellant, although requesting such an instruction, did not tender an instruction on the lesser offenses. Any alleged error concerning a jury instruction is waived if a defendant fails to tender his own instruction when he believes the trial court has failed to fully instruct the jury. *Priestley v. State* (1983), Ind.App., 451 N.E.2d 88.

Even if we would assume for the sake of argument that appellant sufficiently raised the issue to the trial court, we observe the trial court was correct in stating that the only evidence in the case concerning the actions of the appellant showed that he threatened deadly force. Under such circumstances, the trial court was not required to instruct the jury on a lesser offense. *Outlaw v. State* (1985), Ind., 484 N.E.2d 10. We find no error in the trial court's refusal to give the instruction on included offenses.

The trial court is affirmed.

DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.

SHEPARD, C.J., dissents without separate opinion.