Cedric L. FORD, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–8812–CR–1019.

Supreme Court of Indiana.

Sept. 5, 1989.

Kenneth R. Scheibenberger, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Burglary, a Class B felony, for which appellant received a sentence of ten (10) years, Rape, a Class A felony, for which appellant received a sentence of thirty (30) years, and Theft, a Class D felony, for which appellant received a sentence of two (2) years, the sentences to run concurrently.

The facts are: The victims in this crime, a husband and wife, were in their home in Fort Wayne in the early hours of the morning of October 18, 1987. The couple was awakened by the ringing of their doorbell. The wife went to the door, but then returned to the bedroom. Shortly thereafter the doorbell rang again and both husband and wife went to the living room.

At that time, a cement block was thrown through the front door and appellant reached through the door and grabbed the wife in a headlock. The husband grabbed a tear gas pistol and attempted to fire it, but it did not function. Appellant then grabbed the husband, struck him in the head and rendered him semiconscious.

He first required the couple to sit on a couch, then forced them into the bathroom. After taking several items, he removed the wife from the bathroom, told the husband that if he did not stay in the bathroom, he would shoot the wife in the ear. He later told the wife that if she did not submit to him, he would "kill the old man." Later, at the hospital, the wife was treated for the rape and a head wound. The husband also received a head wound.

Appellant claims there is insufficient evidence to convict him of rape, a Class A felony, in that there is no evidence he possessed a gun and that the mere threat to inflict serious bodily injury is not sufficient to elevate the crime to a Class A felony. However, an examination of the evidence above recited clearly demonstrates the jury was justified in finding that both the husband and wife received minor injuries, that they were both intimidated to the point of submitting to appellant, and that appellant in fact threatened to kill each of them.

We have repeatedly stated that a weapon need not be displayed in order to establish a threat of deadly force. *Zollatz*

*v. State* (1980), 274 Ind. 550, 412 N.E.2d 1200. A threat of deadly force is sufficient if it is imminent enough to cause the victim to submit to the aggressor. It is not necessary that the aggressor actually exert the deadly force threatened. *Pennington v. State* (1988), Ind., 523 N.E.2d 414.

█ The husband and wife were entitled to believe appellant's threat of violence in view of the nature of his attack on each of their persons. Under the circumstances, they were entitled to presume he was armed and would carry out his threats. This Court likewise will accept the word of an assailant that he is armed under these circumstances. *French v. State* (1987), Ind., 516 N.E.2d 40. There is ample evidence in this record to support the jury's finding that appellant was guilty of rape, a Class A felony.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.