# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2017, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tony David Mitchell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 19, 2017

Court of Appeals Case No.
36A01-1605-CR-1051

Appeal from the Jackson Circuit Court

The Honorable Richard W. Poynter, Judge

Trial Court Cause No.
36C01-1406-FA-11

**Baker, Judge.**

[1] Tony Mitchell was convicted of Class B Felony Attempted Aggravated Battery[1] and Class B Felony Aggravated Battery.[2] Mitchell appeals, arguing that there was insufficient evidence to support his convictions and that his sentence was inappropriate. Finding sufficient evidence and that his sentence was not inappropriate, we affirm.

## Facts

[2] On the evening of May 26, 2014, Richard Atkins went to Mitchell's camper. Mitchell was there with Shannon Philpott; his two teenage daughters; his son; and his friends, Charlie Prewitt and Teri Holland. Mitchell and Prewitt were walking on the unpaved driveway as Atkins began to drive toward the camper. The three men spoke briefly, and Mitchell invited Atkins to drive to his camper. Atkins did so while Mitchell and Prewitt walked there.

[3] The three men talked in a room that was built onto the camper. Atkins said he was going inside to talk to Philpott and Holland. He appeared happy and in a good mood. After about ten or fifteen minutes of conversation, Atkins asked whether anyone wanted to smoke marijuana with him. Mitchell, who was outside at the camper door, became angry and told Atkins that he needed to leave. Mitchell then entered the camper and told Atkins that "he would gut him like a fish." Tr. Vol. III p. 364. Mitchell began shoving Atkins out of the

---

[1] Ind. Code § 35-42-2-1.5 (2014); Ind. Code § 35-41-5-1 (2014).

[2] I.C. § 35-42-2-1.5 (2014).

camper. Atkins exited the camper, talking with Prewitt as he did so. Atkins bent down to pet Mitchell's dog, who was sitting outside; when he stood up, Mitchell was behind him. Mitchell cut Atkins's right arm with a knife; the cut reached the muscle and had to be treated with stitches and staples.

[4] Atkins did not confront Mitchell after Mitchell cut him but instead walked toward his vehicle. As he was walking, he tripped over a rut in the ground. Prewitt helped Atkins to his feet and supported him to his vehicle. Atkins was dazed and confused at this point. With some effort, he was able to put the keys in the ignition, and Prewitt helped him turn on his headlights because the switch was broken. Meanwhile, Mitchell was yelling at Atkins to "get the 'f' off of his property"; Mitchell then retrieved a shotgun and fired a "warning shot" into the air. *Id.* at 209, 330. Prewitt told Mitchell to put away his gun and tried to take the gun from him. At the same time, as Atkins was backing out of the driveway, his vehicle became stuck on a small tree near the edge of the driveway. Trying to free his vehicle, Atkins drove forward a few feet toward the camper, so that he was about ten to fifteen feet away from Mitchell. Mitchell, who still had his shotgun, pointed it toward Atkins's vehicle and fired a second shot. The projectile entered the vehicle's windshield in front of the steering wheel. Atkins was eventually able to free his vehicle and drive away.

[5] The State charged Mitchell with Class B Felony attempted aggravated battery and Class B Felony aggravated battery. Following a March 8-10, 2016, jury trial, the jury found him guilty of both offenses. Sentencing took place on April

7, 2016, during which the trial court imposed two concurrent ten-year sentences. Mitchell now appeals.

# Discussion and Decision

## I. Sufficiency of the Evidence

[6] Mitchell challenges the sufficiency of the evidence, contending that the State failed to rebut his claim of self-defense. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

[7] To convict Mitchell of Class B aggravated battery, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally inflicted injury on a person that created a substantial risk of death or caused serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ. I.C. § 35-42-2-1.5 (2014). To convict Mitchell of attempted aggravated battery, the State was required to prove beyond a reasonable doubt that Mitchell, with the intent to commit aggravated battery, engaged in conduct that constituted a substantial step toward the commission of the crime. I.C. § 35-41-5-1 (2014). The substantial step element of attempt requires proof of any overt act beyond mere preparation and in furtherance of

the intent to commit the crime. *Jackson v. State*, 683 N.E.2d 560, 566 (Ind. 1997).

[8]     Under the affirmative defense of self-defense, a person is justified in using reasonable force against any other person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. Ind. Code § 35-41-3-2(c). A person is justified in using reasonable force, including deadly force, against any other person, and does not have a duty to retreat, if he reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on his dwelling. I.C. § 35-41-3-2(d). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Wilson*, 770 N.E.2d at 800.

[9]     Mitchell's conviction for aggravated battery was for cutting Atkins's arm with a knife. After Atkins asked whether anyone wanted to smoke marijuana, Mitchell told him to leave. Atkins did leave, and as he walked away, Mitchell cut Atkins's arm with his knife. The witnesses—Atkins, Prewitt, Holland, Philpott, and one of Mitchell's daughters—all testified that Atkins did not act aggressively toward Mitchell. Atkins did not threaten Mitchell or the others present in any way. The record indicates that Mitchell was the only aggressor in this encounter, and that he cut Atkins from behind as Atkins attempted to leave the property. A claim of self-defense cannot be supported when the evidence clearly indicates that the defendant knowingly and intentionally

attacked his victim in the back and the victim did nothing to provoke the attack. *Cooper v. State*, 854 N.E.2d 831, 838 (Ind. 2006).

[10] Mitchell's conviction for attempted aggravated battery was for shooting a shotgun into Atkins's vehicle. The evidence again shows that Mitchell was the only aggressor when he shot his shotgun. After Mitchell cut Atkins, Atkins managed to get to his vehicle in order to leave. While Atkins was in his vehicle but had not yet left the property, Mitchell retrieved his shotgun, loaded it, and fired a shot into the air. Although Prewitt tried to take the gun away from Mitchell, Mitchell maintained possession of it. As Atkins was trying to leave, his vehicle got stuck, and he tried to free it by driving forward. Mitchell then shot the gun into Atkins's front windshield; the bullet hole was located directly in front of the steering wheel. Because Atkins was already trying to leave the premises and was not displaying an imminent use of unlawful force against Mitchell or any other person present, Mitchell's argument that he was defending himself is again unavailing.

[11] For each conviction, the evidence also rebuts Mitchell's claim that he was using self-defense to prevent Atkins's unlawful entry of or attack on his dwelling. Atkins was leaving Mitchell's camper and walking toward his own vehicle in order to leave the premises when Mitchell cut him. Atkins was in his vehicle and still trying to leave when Mitchell shot his shotgun at him. Under these circumstances, the force Mitchell used was not reasonable or justified, and he could not reasonably believe that Atkins was about to imminently use unlawful

force against him or his property.  We find that the evidence is sufficient to rebut Mitchell's self-defense claims and to support his convictions.

## II.  Appropriateness

[12]   Mitchell argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character.  Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ."  *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[13]   Mitchell was convicted of two Class B felonies.  For each, he faced a sentence of six to twenty years imprisonment, with an advisory term of ten years.  Ind. Code § 35-50-2-5(a).  The trial court imposed two advisory concurrent ten-year terms.

[14]   With respect to the nature of the offenses, Mitchell unnecessarily and dramatically escalated a situation when he attacked Atkins in two different ways when Atkins, who was unarmed, was peacefully trying to leave the premises.  As a result of Mitchell's knife attack, Atkins suffered an arm injury that reached his muscle and was thirteen inches long; Atkins required nine

stitches and twenty-five staples. After Atkins was in his vehicle trying to drive away, Mitchell retrieved his shotgun and fired directly into the driver's side of Atkins's vehicle. The nature of the offenses does not aid Mitchell's argument.

[15] With respect to Mitchell's character, he has one prior felony conviction and seven prior misdemeanors. Mitchell has previously been found in contempt of an order requiring him to complete substance abuse treatment and has more than once failed to appear in court, causing warrants to be issued. He has had the benefit of substance abuse treatment, home detention, community service, and probation, which he has violated twice. We acknowledge that Mitchell's current convictions are more egregious than the ones in his criminal history, yet in this case, he continued to try to harm Atkins even after he had inflicted serious injury on Atkins. We also acknowledge that Mitchell's incarceration may pose a hardship to his family, but many people convicted of serious crimes have one or more children, and absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). Mitchell has not asserted any special circumstances here. We do not find that Mitchell's character aids his argument. Therefore, we find that the aggregate ten-year sentences imposed by the trial court not inappropriate in light of the nature of the offenses and his character.

[16] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.